**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

ABDIYO F.,

           Petitioner,

 v.

PAMELA BONDI, et al.,

           Respondents.

Case No. 26-cv-01636-SRB-SGE

## ORDER

Before the Court is Petitioner Abdiyo F.'s ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). (Doc. #1.) Petitioner alleges that she is a citizen of Somalia and has resided in Minnesota since 2024. Petitioner alleges she has a pending asylum application and was arrested by immigration officials on February 22, 2026. Petitioner alleges she was arrested without a warrant. Petitioner now seeks habeas relief and to be released from custody. Petitioner alleges in part that she is not subject to mandatory detention under 8 U.S.C. § 1225. Petitioner further alleges that she cannot be detained under § 1226 because she was not arrested with a warrant.

In an Order dated February 26, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than March 3, 2026 . . . [and] to include such affidavits and information as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #3, p. 1) (cleaned up). Respondents timely filed their response. In part, Respondents acknowledge this case "raises legal and factual issues substantially similar to those presented in prior habeas petitions before this Court." (Doc. #6, p. 2.) Respondents also attached an administrative warrant directed to Petitioner dated February 22, 2026, at 10:18 a.m.

Upon review of the record and the parties' briefs, and for the reasons explained by Petitioner, the Court finds that the mandatory detention provision of § 1225(b)(2) does not apply to Petitioner because she already entered and was residing in the United States at the time she was apprehended. In particular, § "1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which by its own force implies a coming from outside." *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), p. 5 (D. Minn. Jan. 8, 2026) (quotation marks omitted). Because Petitioner has been residing in the United States, she is not "seeking admission" into the United States. *Id.* "Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States, because the entry, whether lawful or unlawful, occurred years ago." *Id.*, p. 6 (citations and quotation marks omitted).

For the foregoing reasons, and the reasons stated by Petitioner, Petitioner's detention falls under § 1226 and not § 1225. Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). "It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (citing and quoting cases). "Release is an available and appropriate remedy for detention that lacks a lawful predicate." *Id.* (citation and quotation marks omitted) (cleaned up).

As stated above, Respondents have filed a warrant for Petitioner's arrest. However, Respondents do not argue that the warrant makes Petitioner's detention lawful under § 1226. Instead, Respondents argue that "Petitioner falls within the statutory definition of an 'applicant for admission.' *See* 8 U.S.C. § 1225(b)(1)." (Doc. #6, p. 2.) Respondents' § 1225 argument is

2

rejected for the reasons stated above.  The Court further finds the warrant is insufficient to show that Petitioner is lawfully detained under § 1226.  Respondents have not produced an affidavit showing that (1) the warrant was issued prior to Petitioner's arrest and (2) the immigration officer who arrested Petitioner had reason to believe that the Petitioner was in the United States in violation of any law or regulation and was likely to escape before a warrant for her arrest could be obtained.  Accordingly, the Court finds that despite the existence of a warrant, immediate release of Petitioner is the appropriate remedy.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1.  Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2.  The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3.  Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

4.  Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of her impending release and include the location of her release and approximate release time.

5.  When Petitioner is released, Respondents must return to her any property, personal effects, and documents that they have taken from her, including identity documents, foreign issued identity documents, and immigration documents.

6.  Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7.  Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 4, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge

3